**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE:
LIZA WEBBER BULLOCK,

    Debtor.
_____/

LISA WEBBER BULLOCK,

    Appellant,

v.                                                   Case No. 8:24-cv-2193-TPB
                                                        Bankr. No. 8:23-bk-608-RCT

KELLY REMICK,

    Appellee.
_____/

**ORDER AFFIRMING "ORDER DENYING CONFIRMATION AND DISMISSING CASE" AND "ORDER DENYING MOTION FOR RECONSIDERATION"**

This matter is before the Court on Appellant Liza Webber Bullock's *pro se* appeal of the bankruptcy court's "Order Denying Confirmation and Dismissing Case" (Doc. 2-4) and "Order Denying Motion for Reconsideration" (Doc. 2-5). Appellant filed her initial brief on November 21, 2024. (Doc. 9). On December 17, 2024, Appellee Kelly Remick, Chapter 13 Standing Trustee, filed the answer brief. (Doc. 11). On January 3, 2025, Appellant filed a reply brief. (Doc. 12).

**Background**

Appellant and Debtor Liza Webber Bullock commenced the underlying Chapter 13 case with the assistance of counsel, Ziona Kopelovich, Esq., on December 5, 2023.[1] With

---

[1] A prior Chapter 13 case was filed *pro se* on October 25, 2023, which was dismissed shortly after the filing due to Appellant's failure to cure filing deficiencies.

Page 1 of 6

her voluntary petition, Appellant submitted a proposed Chapter 13 plan that proposed 60 monthly payments of $506. The plan provided for the payment of attorney's fees, proposed to pay in full a secured claim of Lowe's Home Improvement in the amount of $500 and a secured claim of Steven M. Dubois Roofing of Pasco, Inc. in the amount of $19,266, proposed to pay direct the claims of Freedom Mortgage and Campus USA, and provide for a minimal distribution to unsecured creditors of $1,453. As reflected in the copy of the plan filed with the bankruptcy court, Appellant signed the plan on December 4, 2023.

On January 16, 2024, the Chapter 13 Trustee filed a favorable recommendation, suggesting that in the absence of any objection, Debtor would quickly confirm her Chapter 13 plan, provided that she was making her plan payments. However, that would prove not to be the case. On April 11, 2024, the Chapter 13 Trustee moved to dismiss the case for non-payment. The Chapter 13 Trustee's motion was set for hearing, along with the first continued hearing on confirmation.

Appellant appeared before the bankrtupcy court at a continued confirmation hearing. At that hearing, the Chapter 13 Trustee explained, among other things, that the plan was confirmable with a modest increase in the plan payment. Although Appellant was represented by counsel at the hearing, the bankrtupcy court permitted her to speak and addressed some of her questions. But the bankruptcy court made it clear that neither the bankruptcy court nor the Chapter 13 Trustee could provide Appellant with all of the legal advice or information that she sought, so the bankrtupcy court encouraged Appellant to speak with her attorney. Given that the only impediment to confirmation was Appellant's payment history under the plan and her statements that she did not believe she could afford an increased payment plan, the bankruptcy court continued confirmation for a final hearing. Notwithstanding, Appellant filed two pieces of correspondence

repeating inquiries made at the hearing. Subsequently, Ms. Kopelovich moved, at Appellant's instruction, to withdraw as counsel.

Appellant appeared at the final confirmation hearing on July 17, 2024. The bankruptcy court granted Ms. Kopelovich's motion to withdraw, and then continued the hearing for a further final confirmation hearing on condition that Appellant make a plan payment within seven days, as Appellant indicated she could and would. However, at the continued final confirmation hearing on July 31, 2024, the bankruptcy court was advised that Appellant had not made the plan payment as promised, and that payments in the case stood in significant arrears. Appellant advised that she could not make plan payments – even at the level she had proposed in her plan – because she was unemployed, and that she did not intend to proceed with the plan on file. After further discussion, the bankruptcy court was compelled to deny confirmation and dismiss the case. The bankrtupcy court entered a simple order indicating that it was dismissing the case for the reasons stated in open court, based on the best interests of the creditors and the estate.

Appellant filed a motion for reconsideration of the dismissal, which the bankruptcy court denied without hearing. In this order, the bankruptcy court detailed the procedural and factual history of the case, along with the prior opportunities Appellant had to proceed with the Chapter 13 Plan. However, the bankrtupcy court explained that Appellant declined to do so, and that she may no longer qualify as a debtor in Chapter 13 per her admissions on the record that she was unemployed. *See* 11 U.S.C. § 109(e) (providing that "[o]nly individuals with regular income" may be debtors in Chapter 13). The bankrtupcy court exhibited great patience as it attempted to address some of the concerns raised by Appellant. Although the bankrtupcy court indicated that it understood Appellant's frustrations, most notably with an adverse judgment rendered prepetition in a

state court proceeding, the bankrtupcy court explained that it had no authority to review what occurred in the state court. The bankrtupcy court also noted that it appeared Appellant did not appreciate the role of a debtor in Chapter 13 – in Chapter 13, it is the debtor, and only the debtor, that proposes a Chapter 13 plan, and if the proposed payment amount is "wrong," then it is incumbent upon the debtor to amend the plan. But the proposal of a particular payment amount by a debtor, even if it is the most that a debtor can afford, does not serve to bind a creditor body to "take it or leave it." Nor is a bankrtupcy court bound to confirm a plan that does not meet the requirements of §§ 1322 and 1325 just because it is the best plan a debtor can propose.

## **Standard of Review**

The Court "functions as an appellate court in reviewing the bankruptcy court's decision." *See In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990) (citing 28 U.S.C. § 158(a). Consequently, the Court reviews the bankruptcy court's factual findings for clear error and the legal conclusions *de novo. See Finova Cap. Corp. v Larson Pharmacy, Inc.*, 425 F.3d 1294, 1299-1300 (11th Cir. 2005).

The court reviews whether a Chapter 13 case has been properly dismissed under the clearly erroneous standard. *In re Brown*, 572 F. App'x 849, 851 (11th Cir. 2014) (citing *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998)). The burden to show clear error falls on the appellant. *Bunyan v. Remick*, No. 8:18-cv-1519-T-36, 2019 WL 4805428, at *2 (M.D. Fla. Oct. 1, 2019) (citing *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002)).

## **Analysis**

In her initial brief and reply brief, Appellant does not clearly address any issues relating to her bankrtupcy case -- in fact, contrary to the Court's direction, Appellant's

initial brief appears to focus exclusively on alleged errors in the state court foreclosure proceedings rather than any actions taken by or rulings made by the bankrtupcy court. She has therefore waived any challenge to the bankrtupcy court's orders, including the dismissal of her case. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Even if Appellant had not waived appellate issues, the bankrtupcy court's dismissal of Appellant's Chapter 13 case was not clearly erroneous. "Chapter 13 is available only for debtors with a regular source of income and payments are to be made on a regular basis." *In re Celliti*, 393 B.R. 243, 249 (Bankr. N.D. Ala. 2008); *see* 11 U.S.C. § 1326 ("Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount--[ ] proposed by the plan to the trustee[.]"). Pursuant to 11 U.S.C. § 1307, a bankrtupcy court may dismiss a Chapter 13 case for cause, including the failure of a debtor to make timely plan payments. *In re Hubbard*, 259 B.R. 186, 199 (Bankr. N.D. Ala. 2000). The Chapter 13 Plan, which Appellant consented to, clearly set out her payment requirements. ***Appellant failed to make payments, indicated that she would not make payments, and further made admissions reflecting that she likely no longer qualified to proceed under Chapter 13***. In these circumstances, it was not erroneous for the bankruptcy court to dismiss the case. *See In re Celliti*, 393 B.R. at 249-50 (dismissing case pursuant to section 105 and bankruptcy court's inherent power to enforce its own orders when debtor failed to comply make payments). In fact, it would have been clearly erroneous to permit the case to proceed to confirmation in light of the requirements of 11 U.S.C. §§ 1322 and 1325. Appellant's initial brief presents no basis to overturn the bankrtupcy court's rulings. The bankruptcy court's orders are therefore affirmed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's "Order Denying Confirmation and Dismissing Case" (Doc. 2-4) and "Order Denying Motion for Reconsideration" (Doc. 2-5) are **AFFIRMED**.

2. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE